Case No. 1:19-cv-01314-TNM

# **ATTACHMENT B**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KRISTIE SMALL,

                Plaintiff,

v.

THE OFFICE OF CONGRESSMAN
HENRY CUELLAR,

                Defendant.

Case No. 1:19-cv-01314-TNM

## DECLARATION OF CYNTHIA LAFUENTE-GAONA

I, Cynthia LaFuente-Gaona, pursuant to 28 U.S.C. §1746, declare as follows:

1. I have personal knowledge of the following.

2. From January 2005 until October 2017, I was employed by the U.S. House of Representatives and worked in the Office of Congressman Henry Cuellar ("Office"), the Defendant in the above-captioned case.

3. I was the Office's District Director from January 2005 until December 2010.

4. When I first joined the Office in 2005, I was subjected to a 90-day probationary period.

5. From January 2011 to July 2011, I was the Office's Deputy Chief of Staff.

6. When I assumed the Deputy Chief of Staff role, I understood that it would be for a trial period. If I performed well during that time, I would be promoted to Chief of Staff.

7. In July 2011, I became the Office's Chief of Staff. I remained Chief of Staff until October 2017, when I resigned to become a U.S. Immigration Judge.

8. At all times during my Office employment, the Office had a policy of subjecting new hires to a 90-day probationary period.

9. As District Director, Deputy Chief of Staff, and Chief of Staff, I was responsible for effectuating that policy—by informing new hires about the probationary period policy, monitoring and evaluating their performance during their probationary periods, and determining whether they successfully completed their probationary periods.

10. During my tenure with the Office, Congressman Henry Cuellar did not personally effectuate the policy for new hires. Depending on the position involved, that responsibility fell to the Office's District Director, Deputy Chief of Staff, or Chief of Staff.

11. Those who successfully completed their probationary periods were retained. Some of those individuals would also receive a salary increase at that point.

12. The Office terminated those who did not successfully complete their probationary periods.

13. I, personally, effectuated the terminations of individuals who had not successfully completed their probationary periods.

14. I am unaware of anyone who was newly hired between 2005 and 2017 who was not subjected to a 30, 60, or 90 day probationary period or an extended probationary period.

15. Based on my experience in the Office, I would be surprised if Congressman Cuellar, or anyone else in the Office, exempted a new hire from the Office's probationary period requirement.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 18th day of May 2020.

Cynthia Lafuente-Gaona

2